# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | 1:06-cv-00555-OWW-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| Dr. SURYDEVARA C.M.O., | (Doc. 1) |
| Defendant. | |

**I.     SCREENING ORDER**

Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed her complaint on May 10, 2006.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.      Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at the Central California Women's Facility ("C.C.W.F.") in Chowchilla, California – where the acts she complains of occurred. Plaintiff names Dr. Surydevara, Chief Medical Officer as the only defendant.

Plaintiff alleges that she received a "telemed exam" by Dr. Huntley who issued a report diagnosing "pre-cancerous lesions" and prescribing medication and sun screen. Plaintiff alleges that she was not advised of the report and only became aware of it "when it was on the clinic physician's desk." She thereafter obtained a copy of the report and "began the 602 process" to obtain the medication and a follow-up to ascertain damage due to the delay in treatment.

Plaintiff seeks monetary damages and an exam by an independent dermatologist to assess damages from the delay in treatment.

**C.      Pleading Requirements**

**1.** *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if she chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are

1  dismissed therein as strikes which may effect her ability to file in forma pauperis in the future.

2          **3.** *Linkage Requirement*

3      The Civil Rights Act under which this action was filed provides:

4          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the

5          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at

6          law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

8  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

9  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

11 constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

12 in another's affirmative acts or omits to perform an act which he is legally required to do that

13 causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

14 Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

15 defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

16 federal rights.

17     The only defendant Plaintiff named is C.C.W.F.'s Chief Medical Officer, Dr. Surydevara.

18 Plaintiff alleges that she saw Dr. Huntley's report in her file "when it was on the clinic physicians

19 (sic) desk." Plaintiff's allegations are unclear as to whether she is implicating Dr. Surydevara as

20 the clinic physician, or as the clinic physician's supervisor. If Dr. Surydevara was the clinic

21 physician on whose desk she saw the report, then Plaintiff must allege as much. If Dr.

22 Surydevara was not the clinic physician on whose desk she saw the report, then Plaintiff has both

23 failed to link Dr. Surydevara to her claims, and to name the clinic physician as a defendant in this

24 case. Either way, this ambiguity violates Federal Civil Procedure Rule 8 as discussed above, and

25 fails to meet the linkage requirement of section 1983.

26     **D.**    **Plaintiff's Claim for Relief**

27         **1.** *Deliberate Indifference to Serious Medical Needs*

28     Plaintiff's claim is based on a delay in receipt of medication and sun screen as prescribed

by Dr. Huntley.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that she saw Dr. Huntley's report in her file "when it was on the clinic physicians (sic) desk" and that she subsequently "began the 602 process" to obtain the prescribed medication. Plaintiff has not sufficiently alleged that Dr. Surydevara "[knew] of and

5

disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. The Court is unable to find any indication in Dr. Huntley's report, which plaintiff attached to her complaint, that Plaintiff's skin condition is/was in fact "pre-cancerous." Absent a "pre-cancerous" finding it would appear that even if the clinic physician was deliberately indifferent regarding the contents of Dr. Huntley's report, Plaintiff's condition would not rise to the level of a serious medical need. Further, Plaintiff's claim is not cognizable since she fails to allege what, if any, further harm she sustained as a result of the delay in her receipt of the medications Dr. Huntley prescribed.

Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to her serious medical needs.

### 2. *Supervisorial Liability*

The only defendant Plaintiff names is C.C.W.F.'s Chief Medical Officer, Dr. Surydevara.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As discussed herein above, Plaintiff's allegations are unclear as to whether she is implicating Dr. Surydevara as the clinic physician, or as the clinic physician's supervisor. If Dr.

Surydevara was the clinic physician on whose desk she saw the report, then Plaintiff must allege as much. If Dr. Surydevara was not the clinic physician on whose desk she saw the report, but was the clinic physician's supervisor, then Plaintiff has failed to show that Dr. Surydevara personnel personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, Plaintiff fails to state a cognizable claim against Dr. Surydevara.

## II.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in her amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending her complaint, Plaintiff should simply state the facts upon which she alleges a defendant has violated her constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 10, 2008**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE