# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | 1:06-cv-00555-LJO-SMS-PC |
|     Plaintiff, | ORDER FOR PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR FILE A REQUEST FOR VOLUNTARY DISMISSAL OF THIS ACTION |
|     v. | |
| DR. SURYDEVARA, | THIRTY DAY DEADLINE |
|     Defendant. | |

Plaintiff Cecilia Fraher ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on May 10, 2006, against defendant Dr. Surydevara, for inadequate medical care. (Doc. 1.)

On June 11, 2008, the court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted under § 1983, with leave to file an amended complaint within thirty days. (Doc. 15.) Plaintiff requested and was granted a thirty-day extension of time to file an amended complaint. (Docs. 16, 17.) More than ninety days have passed, and plaintiff has not filed an amended complaint. However, on August 20, 2008, plaintiff filed a response to the court's June 11, 2008 order, stating, "If the Court continues to hold that there must be evidence of damage done before a claim can be considered then the Petitioner withdraws complaint . . .". (Doc. 18 at page 2.)

"[U]nder Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999)

1

(*quoting* Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."  Id. at 1078.

Plaintiff conditions the withdrawal of her complaint on whether "the Court continues to hold that there must be evidence of damage done before a claim can be considered."  Plaintiff is referring to part of the legal standard for deliberate indifference to serious medical needs under the Eighth Amendment, as cited in the court's order of June 21, 2008, "Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs."  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  To date, this rule of law has not been overruled and must be followed by this court.

In her August 20, 2008 response, plaintiff expresses uncertainty about whether to file an amended complaint or dismiss the action.  Plaintiff must clearly indicate her intention.  Therefore, within thirty days, plaintiff must either (1) file an amended complaint, or in the alternative, (2) file a written response clearly requesting to voluntarily dismiss this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, plaintiff shall file either:
   (1) file an amended complaint pursuant to the court's order of June 11, 2008, or in the alternative,
   (2) file a written response clearly requesting to voluntarily dismiss this action; and
2. Plaintiff's failure to comply with this order shall result in immediate dismissal of this action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   September 18, 2008**           /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE